By the Court.
The incorporated village of Franklin, in Warren county, filed with the county commissioners a petition for the annexation to the village of certain contiguous territory. The added territory was an addition to the village in every direction. Notice of the application was not'posted on the territory proposed to be annexed, but at the village post-office. The question is, whether this was a compliance with the statute. An interpretation of section 12 of the municipal code (66 Ohio L. 149), which is made applicable to cases of the annexation of territory, might, *648 if the section conld be considered as standing alone, lead to the conclusion that this was a compliance with the act; but a construction of the provisions of the statute leads to a different conclusion.
See. 698 of the municipal code (66 Ohio L. 266) provides: “ Upon such petition being presented to the commissioners, like proceedings thereon shall be had, in all respects, so far as applicable, as are required under the provisions of chapter fifty-five.” Chapter fifty-five (66 Ohio L. 265, see. 681) provides that when the petition is so presented, “ the same proceedings shall thereafter be had, in all respects, as far as applicable, and the same duties in respect thereto shall be performed by the commissioners and other officers as are required in the case of application to be organized into an incorporated village, under the provisions of chapter two.” One of the provisions of chapter two (66 Ohio L. 150, sec. 12), above referred to, is that a copy of the notice of the application shall “ be posted up in some conspicuous place within the limits of the proposed corporation, not less than six weeks prior to the time fixed for the hearing of said petition.”
We think a fair construction of these provisions requires the notice to be posted on the territory to be annexed. It is no answer to the objection relied on to say that the notice actually given was more likely to reach the persons to be affected than the one provided by the statute. In matters of this sort, compliance with the provisions of the statute is indispensable to the validity of the proceedings, and here we think there was no such compliance. In holding that the proceeding was for this cause defective, and ought to be enjoined on application of the owners of the territory so sought to be annexed, the district court, to which the ease was taken on error, did not err.

Motion overruled.